UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH EDWARD STEFANSKI JR., | Case No. 4:25-cv-1680 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| IAN HEALY, Warden, | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Kenneth Edward Stefanski Jr., an inmate at FCI Elkton in Lisbon, Ohio, is serving a sentence pursuant to a judgment of the Eastern District of Michigan. He brings this habeas petition under 28 U.S.C. § 2241 to challenge a detainer, which interferes with certain programming and eligibility for time credits. He contends that the prosecutor in Wayne County, Michigan issued the detainer, which is invalid and allegedly expired in 2022 in any event.

Under Section 2241, a "writ of habeas corpus shall not extend to a prison" except in certain circumstances. 28 U.S.C. § 2241(c). Under the statute, a prisoner must be in custody under the authority of the United States or in violation of the Constitution or federal law, among other things. *See id.* § 2241(c)(1)–(5). This provision means that, to obtain federal habeas relief, the prisoner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) (quoting *Carafas*

*v. LaVallee*, 391 U.S. 234, 238 (1968)). The detainer at issue does not satisfy this "in custody" requirement because it was not issued in connection with a federal offense. Put another way, a claim based solely on State law is not redressable through federal habeas corpus. *Brundage v. Snyder*, 27 F. App'x 572, 572 (6th Cir. 2001) (citing *Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir.1998)). Without more, the mere lodging of a detainer does not violate a prisoner's due process rights. *Moody v. Daggett,* 429 U.S. 78, 86 (1976). In addition, an adverse impact on a prisoner's classification and his eligibility for programs does not suffice to invoke due process. *Id.* at 88 n.9.

The Court understands that Mr. Stefanski must be frustrated that the detainer affects him. After all, he tried, unsuccessfully, to obtain relief in State court in Michigan. But federal habeas does not provide an avenue for the relief he seeks. Therefore the Court **DENIES** and **DISMISSES** his habeas petition.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal would succeed to be eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Because of clearly established decisions of the Sixth Circuit and the Supreme Court set forth above, the Court determines that no reasonable jurist could find the dismissal of this petition incorrect or fairly debatable. Therefore, the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** and **DISMISSES** Petitioner's habeas petition and determines that an evidentiary hearing is not warranted. Pursuant to 28 U.S.C. § 2253, the Court **DENIES** a certificate of appealability.

**SO ORDERED.**

Dated: November 25, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio